# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 2106010727 |
| | ) | |
| LEMONT WHITTINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

Submitted: March 14, 2022
Decided: May 27, 2022

*Upon Consideration of Motion for Appointment of Counsel,*
**DENIED.**

*Upon Consideration of Motion for Postconviction Relief,*
**DENIED.**

Lindsay A. Taylor, Esq., Deputy Attorney General, Department of Justice, Georgetown, Delaware. *Attorney for the State of Delaware.*

Lemont Whittington, Seaford, Delaware. *Pro Se.*

**CONNER, J.**

(1)     This is the Court's decision on a pro se motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61") filed by Defendant Lemont Whittington ("Whittington"). On June 20, 2021, Whittington was arrested and charged with Aggravated Menacing, Possession of a Firearm During the Commission of a Felony, Carrying a Concealed Deadly Weapon, Possession of a Weapon With a Removed, Obliterated or Altered Serial Number, First Degree Reckless Endangering, Possession of Firearm While Under the Influence, and Offensive Touching. On November 17, 2021, Whittington plead guilty to Aggravated Menacing. Pursuant to the plea agreement the State dismissed the remaining charges.

(2)     Prior to accepting the guilty plea, the Court conducted a thorough plea colloquy.[1] Whittington's affirmations during the colloquy included that he: i) had plenty of time to discuss the plea agreement and review the case with his attorney; ii) had no questions about the plea agreement; iii) was satisfied with his attorney's representation; iv) understood the rights he was forfeiting by pleading guilty; v) made truthful representations on the Truth-In-Sentencing Guilty Plea Form; vi) committed aggravated menacing, specifically that he intentionally placed the victim in fear of imminent physical injury by displaying what appeared to a handgun; vii) understood the maximum penalty for that offense; and viii) was entering the plea

---

[1] Hr'g Tr. 11/17/2021, at 3:8–6:23.

voluntarily. At the conclusion of the colloquy, the Court found Whittington's plea was made knowingly, intelligently, and voluntarily. The Court then entered a judgment of conviction.[2] Whittington was sentenced to five years of Level V supervision suspended for one year of Level III supervision pursuant to Whittington's plea agreement with the State.[3] Whittington did not appeal.

(3)     On January 7, 2022, Whittington filed a timely pro se motion for postconviction relief pursuant to Rule 61 (the "Rule 61 Motion"). On February 8, 2022, the State filed a response. On March 14, 2022, Whittington replied.

(4)     The sole ground for relief raised by Whittington is that he is not guilty of Aggravated Menacing.[4] In particular, Whittington contends that "at know [sic] time was [the victim] in fear and I never pointed the weapon in her or at her direction [sic]."[5] Whittington contemporaneously requested appointment of postconviction counsel. In Whittington's March 14, 2022, reply he raises an ineffective assistance of counsel argument for the first time.

---

[2] *Id.* at 6:23–7:1.
[3] Whittington received credit for 151 days served. The sentence imposed additional conditions such as no unlawful or uninvited contact with the victim, substance abuse treatment and forfeiture of the seized weapon.
[4] "A person is guilty of aggravated menacing when by displaying what appears to be a deadly weapon that person intentionally places another person in fear of imminent physical injury." 11 *Del. C.* § 602(b).
[5] Def.'s Mot. for Postconviction Relief at 3.

(5)    The Court first addresses the procedural bars of Rule 61.[6] This is a timely first motion for postconviction relief.[7] Rule 61(b)(2) states in relevant part, "[t]he motion shall specify all the grounds for relief which are available to the movant and of which the movant has or, by the exercise of reasonable diligence, should have knowledge . . . ."[8] Rule 61 motions may be amended "at any time before a response is filed" by the State.[9] Here, after the State filed its response, Whittington filed a reply brief raising a new argument. He did not provide any explanation for why the supplemental argument was not raised in his Rule 61 Motion. The Court has been provided no justification why "justice so requires" consideration of the tacked-on argument.[10] Under Rule 61(b)(2), the submission of claims in this manner is not permitted. Accordingly, consideration of the contention raised for the first time in Whittington's March 14, 2022, reply is barred.

(6)    The Court next addresses procedural bars relating to the claim raised in the Rule 61 Motion. Pursuant to Rule 61(i)(3), "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction . . . is thereafter barred, unless the movant shows (A) [c]ause for relief from the procedural default and (B) [p]rejudice from violation of the movant's rights."[11]

---

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[7] *See* Super. Ct. Crim. R. 61(i)(1).
[8] Super. Ct. Crim. R. 61(b)(2).
[9] *Id.* 61(b)(6).
[10] *See id.*
[11] *Id.* 61(i)(3).

(7) Whittington's claim that he is innocent does not show "[c]ause for relief from the procedural default," and there is no allegation of a "violation of [Whittington's] rights."[12] Therefore, this Rule 61 Motion is procedurally barred by Rule 61(i)(3).[13] By pleading guilty, Whittington forfeited his right to raise an innocence claim.[14] There are no allegations of newly discovered evidence nor indication of manifest injustice. "Conclusory allegations of innocence are not sufficient to require withdrawal of a guilty plea, especially when the defendant has admitted his guilt in the plea colloquy."[15] Whittington is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his sworn testimony prior to the acceptance of the guilty plea.[16] A careful review of the Rule 61 Motion and the record of prior proceedings makes it plainly apparent that Whittington is not entitled to relief. Therefore, Whittington's Motion for Postconviction Relief is **DENIED**.

(8) Under Rule 61(e)(3), the Court may appoint postconviction counsel relating to a guilty plea only under certain conditions including that "the motion sets forth a substantial claim that the movant received ineffective assistance of counsel

---

[12] *Id.; see also Warrington v. State*, 892 A.2d 1085 (Del. 2006) (TABLE).

[13] *See State v. Saunders*, 2004 WL 772070, at *7 (Del. Super. Apr. 12, 2004).

[14] *Fink v. State*, 16 A.3d 937 (Del. 2011) (TABLE); *State v. Moreno*, 2001 WL 112065, at *1 (Del. Super. Jan. 30, 2001) (holding that one who pleads guilty gives up "the right to challenge the evidence presented against him.").

[15] *Russell v. State*, 734 A.2d 160 (Del. 1999) (TABLE); *see also Jones v. State*, 2022 WL 1134744, at *3; *Savage v. State*, 815 A.2d 349 (Del. 2003) (TABLE).

[16] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

. . . and specific exceptional circumstances warrant the appointment of counsel."[17]

(9)    Whittington is not entitled to counsel. No "[s]pecific exceptional circumstances warrant the appointment of counsel," and as addressed above, Whittington "fails to [set] forth a substantial claim." [18] Accordingly, Whittington's request for appointment of counsel is **DENIED.**

**IT IS SO ORDERED.**


/s/ Mark H. Conner
Mark H. Conner, Judge


cc: Prothonotary

---

[17] Super. Ct. Crim. R. 61(e)(3).
[18] *Id.*